UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DYKES #201541,

       Plaintiff,                                      Hon. Janet T. Neff

v.                                                      Case No. 1:18-CV-669

THOMAS FINCO, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (ECF No. 9). Plaintiff alleges that Defendants are unlawfully denying his requests to receive a special religious diet. Plaintiff now moves the Court to enter a preliminary injunction ordering the MDOC "to approve [Plaintiff] for a separate menu that comports to [his] sincere[ly] held [religious] beliefs." For the reasons discussed herein, the undersigned recommends that Plaintiff's motion be **denied**.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830,

833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

A review of the various factors weighs against Plaintiff's request. Plaintiff has not demonstrated that he is threatened by an injury for which he has no adequate legal remedy. Plaintiff has failed to persuade the Court that he is likely to prevail on the merits of his underlying claim. Plaintiff has not demonstrated that he is threatened by an irreparable injury in the absence of an injunction. Finally, the Court finds that the public interest is not served by judicial interference in the day-to-day operations of a correctional facility in the absence of evidence warranting such.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction, (ECF No. 9), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 25, 2018     /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

2