UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DYKES #201541,

        Plaintiff,                        Hon. Janet T. Neff

v.                                    Case No. 1:18-cv-669

THOMAS FINCO, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendants' Motion for Summary Judgment.    (ECF No. 15).   Plaintiff initiated this action on June 15, 2018, against: (1) Thomas Finco, the Deputy Director of the Michigan Department of Corrections (MDOC), and (2) David Leach, the MDOC Special Activities Coordinator.   Plaintiff alleges that Defendants denied his requests for a religious diet specifically tailored to his individual needs.   Plaintiff alleges that Defendants' conduct violates his rights under the First and Fourteenth Amendments as well as the Religious Land Use and Institutionalized Persons Act (RLUIPA).   Defendants Finco and Leach now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his claims.   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted in part and denied in part**.

## SUMMARY JUDGMENT STANDARD

        Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R.

Civ. P. 56(a).   A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts."   *Amini*, 440 F.3d at 357.   The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."   *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations."   *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).   Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."   *Id.* at 353-54.   In sum, summary judgment is appropriate "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

   While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof  faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).   Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.   Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

   Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).   Prisoners are no longer required to demonstrate exhaustion in their complaints.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007).   Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.  *Id*.  With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as

"compliance with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548

U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is
> required by the PLRA to 'properly exhaust.'   The level of detail
> necessary in a grievance to comply with the grievance procedures will
> vary from system to system and claim to claim, but it is the prison's
> requirements, and not the PLRA, that define the boundaries of proper
> exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the

applicable grievance procedures for prisoners in MDOC custody.   Prior to submitting a grievance, a

prisoner is required to "attempt to resolve the issue with the staff member involved within two business

days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her

control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support

Administration."   Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P.   If this attempt is

unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance.   *Id.*   The Step I

grievance must be submitted within five business days after attempting to resolve the matter with staff.

*Id.* at ¶ V.   The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates,

times, places, and names of all those involved in the issue being grieved are to be included."   *Id.* at ¶

R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely

response, he may appeal to Step II within ten business days of the response, or if no response was

received, within ten business days after the response was due.   *Id.* at ¶ BB.   If the prisoner is

dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the

matter to Step III.   *Id.* at ¶ FF.   The Step III grievance must be submitted within ten business days

-4-

after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.*

In support of their motion, Defendants have presented evidence that Plaintiff failed to pursue through Step III of the grievance process any grievance which properly identified them by name at Step I.   In response, Plaintiff does not dispute this contention, but instead argues that such is not an appropriate basis to grant Defendants' motion.   Specifically, Plaintiff has identified two grievances which he argues demonstrate that he has properly exhausted his claims: (1) Grievance STF-2017-01-0045-20e, and (2) Grievance ECF-2018-01-0313-20e.   (ECF No. 17).

With respect to the first grievance, Defendants have submitted evidence that this grievance was not pursued through all three steps of the grievance process.  (ECF No. 16-3 at PageID.101-12).   Plaintiff has presented no evidence to the contrary.   Accordingly, this grievance does not serve to exhaust any of Plaintiff's claims.

Regarding the other grievance identified by Plaintiff, however, the Court reaches a different conclusion.   In his sworn complaint, Plaintiff alleges that on January 1, 2018, he requested to receive a religious diet.  (ECF No. 1 at PageID.5).   Plaintiff further alleges that he was informed on January 29, 2018, that his request had been denied.   (*Id.*).   Plaintiff was informed of this decision by way of a memorandum authored by Chaplain Duby.  (ECF No. 1 at PageID.5; ECF No. 1-1 at PageID.17).   This memorandum informed Plaintiff that the decision denying his request for a religious diet had been denied by Defendant Leach.   (ECF No. 1-1 at PageID.17).   This memorandum, however, did not identify or reference Defendant Finco.   (*Id.*).

The next day, January 30, 2018, Plaintiff submitted Grievance ECF-2018-01-0313-20e. (ECF No. 16-5 at PageID.134).   Plaintiff's Step I grievance is asserted only against Chaplain Duby,

however.  (*Id.*).  While Plaintiff cannot reasonably have been expected to assert this grievance against Defendant Finco, because Plaintiff was not yet aware of Finco's involvement in the matter, Plaintiff in his sworn complaint concedes that he was aware of Defendant Leach's involvement in this matter when he submitted his Step I grievance.

Thus, Plaintiff's failure to name Defendant Leach in his Step I grievance compels the conclusion that Plaintiff has failed to properly exhaust his claims against Leach.  As to Defendant Finco, however, the Court finds that Plaintiff's grievance was sufficient to put prison officials on notice that Plaintiff's grievance was directed at any additional individuals, then unknown to Plaintiff, involved in the decision to deny his request for a religious diet.  Accordingly, the Court concludes that Defendant Leach has met his burden to demonstrate that Plaintiff failed to properly exhaust his claims.  As to Defendant Finco, however, the Court finds that Defendant has failed to satisfy his burden on the question of exhaustion.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 15), be **granted in part and denied in part**.  Specifically, the undersigned recommends that (1) Plaintiff's claims against Defendant Leach be dismissed without prejudice for failure to exhaust administrative remedies, but (2) that Plaintiff's claims against Defendant Finco go forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: July 24, 2019                          /s/ Ellen S. Carmody
                                             ELLEN S. CARMODY
                                             U.S. Magistrate Judge