UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DYKES #201541,

      Plaintiff,                                   Hon. Janet T. Neff

v.                                                    Case No. 1:18-cv-669

THOMAS FINCO, et al.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

The Court has before it Defendant Thomas Finco's Motion for Summary Judgment. (ECF No. 42.) Plaintiff has failed to respond to the motion within the time set forth in Western District of Michigan Local Civil Rule 7.2(c). Having reviewed the motion and supporting materials, pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **GRANTED** and Plaintiff's complaint be **dismissed with prejudice**.

Plaintiff filed his complaint in this case on June 15, 2018 against: (1) Thomas Finco, the Deputy Director of the Michigan Department of Corrections (MDOC); and (2) David Leach, the MDOC Special Activities Coordinator. Plaintiff alleges that Defendants violated his rights under the First and Fourteenth Amendments as well as the Religious Land Use and Institutionalized Persons Act (RLUIPA) by denying his requests for a religious diet specifically tailored to his individual needs. On September 12, 2019, the Court entered an Opinion and Order (ECF No. 23) adopting Magistrate Judge Carmody's Report and Recommendation recommending that Defendants' motion for summary judgment based on lack of exhaustion be adopted in part,

dismissing Plaintiff's claims against Defendant Leach without prejudice for lack of exhaustion. Thus, only Defendant Finco remains in the case.

Defendant Finco moves for summary judgment on the ground that he was not personally involved in the alleged illegal conduct. Plaintiff alleges that Defendant Finco denied his request for a separate menu to accommodate his religious dietary beliefs in January 2017 at the Central Michigan Correctional Facility and in January 2018 at the Oaks Correctional Facility. (ECF No. 1 at PageID.6–8.) Plaintiff alleges that Defendant Finco is the MDOC official who approves or disapproves requests for a separate menu. (*Id.* at PageID.8.) Defendant Finco claims that he was not personally involved in the alleged incidents because he retired from the MDOC in June 2015 and has had no involvement in MDOC decisions since he retired. In support of his motion, Defendant Finco submits an affidavit from Kristin Van Haften, a Litigation Specialist at the MDOC in Lansing, Michigan. Van Haften states that the information obtained from the MDOC's records confirms that Defendant Finco had been the MDOC's Deputy Director of Correctional Facilities Administration until June 30, 2015, when he retired. (ECF No. 43-1 at PageID.289.) She further confirms that Defendant Finco "has had no decision-making authority or any role whatsoever with the MDOC since his retirement." (*Id.* at PageID.290.)

In a situation such as this, where the non-moving party fails to respond to a motion for summary judgment, the Sixth Circuit has made clear that "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In accordance with this directive, the undersigned has examined Defendant Finco's motion, brief, and supporting materials, and concludes that he has discharged his summary judgment burden.

In order to impose liability under 42 U.S.C. § 1983, a plaintiff must show that a defendant was personally involved in the unconstitutional conduct. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008). Similarly, "[i]n order to establish liability under RLUIPA . . . , a plaintiff must prove, among other things, the personal involvement of each defendant in the alleged violation." *Greenberg v. Hill*, No. 2:07-CV-1076, 2009 WL 890521, at *3 (S.D. Ohio Mar. 31, 2009) (citing 42 U.S.C. §§ 2000cc-1(a), 2000cc-5(4)(A)(iii)). Here, Defendant Finco has shown that he could not have been personally involved in the alleged violations, which occurred in 2017 and 2018, because he retired in June 2015 and has had no involvement with MDOC decisions since that time.

## Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendant Finco's Motion for Summary Judgment (ECF No. 42) and dismiss Plaintiff's complaint with prejudice.

I further recommend that an appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Dated: June 16, 2020               /s/ Sally J. Berens            
                                  SALLY J. BERENS
                                  U.S. Magistrate Judge